UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RIGHTHAVEN LLC,

    Plaintiff,

v.

INFORM TECHNOLOGIES, INC., *et al*.,

    Defendants.

Case No. 2:11-CV-00053-KJD-LRL

**ORDER**

    Before the Court is the Defendant Todd Taliaferro's Motion to Dismiss or in the Alternative to Transfer Venue (#9). Plaintiff Righthaven LLC responded (#11).

I. Background

    Plaintiff contends that Defendant infringed its copyright by posting a May 30, 2010 article from the Las Vegas Review Journal ("LVRJ") online. The article entitled "*Casino bandit's feat may chip away at gamblers' secrecy*" (the "Work") describes a casino heist and mentions the motorcycle getaway of the perpetrators. It was allegedly posted by Defendant on an Internet message board called "Todd's Harley Pix" on or about December 19, 2010.

    On March 5, 2011, Plaintiff served Defendant with the Complaint alleging copyright infringement. Defendant is a resident of Fort Lauderdale, Florida and argues that the Court lacks personal jurisdiction and that the venue is improper.

II. Analysis

    A.  Personal Jurisdiction

Defendant claims lack of personal jurisdiction and argues that it would be unduly burdensome to litigate in Nevada. The assertion of personal jurisdiction satisfies due process when there are "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). These requirements "give a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Personal jurisdiction may be either general or specific. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1990). General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984)). Specific jurisdiction may be asserted "if the case arises out of certain forum-related acts." Id. "Whether dealing with specific or general jurisdiction, the touchstone remains 'purposeful availment' ... [to] ensure[ ] that 'a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts.' " Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

In this action, Plaintiff only argues that Defendant is subject to specific jurisdiction in Nevada. A district court uses a three-part test to determine whether it may exercise specific jurisdiction over a nonresident defendant: (1) The nonresident defendant must do some act or consummate some transaction within the forum, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking its benefits and protections; (2) the claim must be one which arises out of or results from the defendant's forum-

2

related activities; and (3) the exercise of jurisdiction must be reasonable. See Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 416 (9th Cir. 1997).

For the first part of the Ninth Circuit's test, the "effects" test of Calder v. Jones, 465 U.S. 783, 789-90 (1983), is used to determine if the defendant purposefully availed himself of the privilege of conducting activities in the forum. "Under Calder the 'effects' test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 803 (9th Cir. 2004). The Ninth Circuit found that where a defendant "willfully infringed copyrights owned by [the plaintiff], which, as [the defendant] knew, had its principal place of business in the Central District [of California], "[t]his fact alone is sufficient to satisfy the 'purposeful availment' requirement." Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284, 289 (9th Cir. 1994). Adopting this reasoning, other courts in this district have found that it "is common knowledge that the Las Vegas Review Journal newspaper is published and distributed in Las Vegas, Nevada by the party which assigned the copyrights together with the right to seek redress for past, present, and future infringements." Righthaven LLC v. Dr. Shezad Malik Law Firm, P.C., No. 2:10-cv-0636-RLH-RJJ, 2010 WL 3522372, at *1 (D. Nev. Sept. 2, 2010); Righthaven LLC v. Majorwager.com, Inc., No. 2:10-cv-00484-GMN-LRL, 2010 WL 4386499, at *1 (D. Nev. Oct. 28, 2010) .

Defendant is imputed with the common knowledge that the LVRJ newspaper is published and distributed in Las Vegas, which is in the forum state of Nevada. Defendant was aware or should have been aware that the LVRJ was the source of the Work and that LVRJ is located in Nevada. The declaration provided by Defendant in support of his motion acknowledges that he is aware of the source publication's copyright notice and warning against the unauthorized reproduction of its content. (# 9 ¶ 24.) Thus, the first prong of the Ninth Circuit's three part test is satisfied.

The second prong of the test to determine whether the exercise of specific jurisdiction satisfies due process is that Plaintiff's claim must arise out of activity conducted in the forum state.

That is easily satisfied as Plaintiff's claim, that Defendant allegedly infringed the copyrighted material, arose from the local publication of the article in Nevada by the LVRJ and its subsequent posting on the LVRJ's website.

Finally, under the third prong, Plaintiff must demonstrate that the exercise of jurisdiction is reasonable. "[T]here is a presumption of reasonableness upon a showing that the defendant purposefully directed his action at forum residents which the defendant bears the burden of overcoming by presenting a compelling case that jurisdiction would be unreasonable." Colombia, 106 F.3d at 289(quoting Haisten v. Grass Valley Med. Reimbursement, 784 F.2d 1392, 1397 (9th Cir. 1986)(citing Burger King, 471 U.S. at 477). The five factors to consider when determining if the exercise of personal jurisdiction would be unreasonable are: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies. World-Wide Volkswagen, 444 U.S. at 292.

Defendant's declaration indicates that he is partially disabled and dependant on public assistance. The Court acknowledges that the personal circumstances of the Defendant would make litigation in Nevada a substantial burden. However, hardship is only one of the factors to be considered. The other factors favor Plaintiff. The forum state has an interest in adjudicating an infringement upon a news article originated by the forum state's largest local newspaper publisher written about actions affecting the gaming industry, which is critical to the state. The LVRJ's subscribers are purportedly primarily residents of the forum state of Nevada and the LVRJ advertisers consist mainly of local Nevada businesses. Any infringement could reasonably be expected to affect them as well. Finally, Plaintiff has repeatedly filed identical suits in this district against defendants from many states. "The interstate judicial system would benefit from the efficient resolution of this case in the same forum as the others. This would serve fundamental substantive common social policies." Majorwager.com, 2010 WL 4386499, at *4. Accordingly, the Defendant

4

has not overcome the presumption of reasonableness and this Court has personal jurisdiction over Defendant.

### B. Venue

Defendant also seeks dismissal under Fed. R. Civ. P. 12(b)(3) for improper venue. Because the Court has found that specific personal jurisdiction exists in this district, venue is proper in this judicial district under 28 U.S.C. § 1400(a). That section authorizes the filing of a copyright infringement action in any "district in which the defendant or his agent resides or may be found." The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction. See Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010); Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc., 106 F.3d 284, 288 (9th Cir. 1997). Accordingly, venue is not improper in the District of Nevada.

### III. Standing

To hear a case, a federal court must have subject matter jurisdiction over the matter at hand. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Central to the issue of subject matter jurisdiction is the issue of standing, requiring the party invoking jurisdiction to establish actual or imminent harm. Id. at 560. The invoking party bears the burden of establishing standing with the same burden of proof "required at the successive stages of the litigation." Id. at 561.

Section 501(b) of the 1976 Copyright Act ("Act") establishes who is legally authorized to sue for infringement of a copyright:

> The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for an infringement of that particular right committed while he or she is the owner of it.

17 U.S.C. § 501(b). Therefore, to be entitled to sue for copyright infringement, the plaintiff must be the "legal or beneficial owner of an exclusive right under a copyright." See Silvers v. Sony Pictures Entertainment, Inc., 402 F.3d 881, 884 (9th Cir. 2005). If the plaintiff "is not a proper owner of the

copyright rights, then it cannot invoke copyright protection stemming from the exclusive rights belonging to the owner, including infringement of the copyright." Id. (quoting 4 Business and Commercial Litigation in Federal Courts, at 1062 § 65.3(a)(4) (Robert Haig ed.)).

Courts in this district have determined that Plaintiff failed to meet its burden to establish standing in cases that are strikingly similar to the one here. See Righthaven v. Hoehn 2:11-CV-00050-PMP-RJJ #28 (D. Nevada, June 20, 2011); Righthaven v. Mostofi, 2:10-CV-1066-KJD-GWF #34 (D. Nevada, July 13, 2011). In these cases, the Court found that Stevens Media's assignment of the right to sue to Righthaven was insufficient to confer standing. Accordingly, Plaintiff is ordered to show cause by November 14, 2011 why the Court should not dismiss Plaintiff's case for lack of standing.

IV. Conclusion

**IT IS HEREBY ORDERED** that Defendant Todd Taliaferro's Motion to Dismiss or in the Alternative to Transfer Venue (#9) is **DENIED**.

**IT FURTHER ORDERED THAT** Plaintiff is ordered to show cause why the Court should not dismiss its case for lack of standing by November 14, 2011.

DATED this 14th day of October 2011.

_____
Kent J. Dawson
United States District Judge